# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60531
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2018

Lyle W. Cayce
Clerk

LORENA MUNOZ SANTOYO,

> Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 877 431

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lorena Munoz Santoyo, a native and citizen of Mexico, petitions for review of the denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In reviewing the final decision of the Board of Immigration Appeals (BIA), the ruling of the immigration judge will be reviewed insofar as it affected the BIA's decision. *Zhu v. Gonzales,* 493 F.3d 588, 593 (5th Cir. 2007). Each claim fails.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60531

Findings that Santoyo was not eligible for relief are reviewed for substantial evidence. *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005). Along that line, Santoyo has "'the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion'". *Orellana-Monson v. Holder,* 685 F.3d 511, 518 (5th Cir. 2012) (quoting *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006)).

Santoyo's claims are related to the murder of her father by a neighbor, Salvador Guzman Alcauter (Guzman), and threats he made against her family. She first challenges the determination that her subjective fear of future persecution by Guzman was not objectively reasonable. *See Zhao v. Gonzales,* 404 F.3d 295, 307 (5th Cir. 2005). The record shows, after the murder, Santoyo and her family moved to another town for approximately six months without suffering any harm. *See Eduard v. Ashcroft,* 379 F.3d 182, 194 (5th Cir. 2004). In addition, the evidence shows her father's murder was precipitated by a history of personal and land-use disputes he had with Guzman. Accordingly, Santoyo fails to demonstrate the evidence compels concluding her fear of future persecution is objectively reasonable. *See Zhang,* 432 F.3d at 344.

Next, Santoyo challenges the finding that any persecution would not be on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). Although she contends she would face persecution based on the imputed political opinion of her father, substantial evidence supports finding his murder resulted from the above-referenced personal and land-use disputes.

Santoyo also contends she will face persecution because of her membership in a particular social group: her family. Again, the record supports a finding that Guzman's actions were motivated by other reasons. Santoyo cites no evidence disputing Guzman was motivated by a personal

hatred for her father, as well as a desire to avoid criminal liability for his murder, rather than from animosity toward the family. Accordingly, she fails to show the evidence compels concluding any persecution would be because of an imputed political opinion or her membership in her family group. *See Zhang,* 432 F.3d at 344.

Finally, Santoyo seeks relief under the CAT. "To obtain relief, an applicant must show that it is 'more likely than not' that [she] would be tortured if returned to [her] home country." *Id.* at 344–45 (citation omitted). By shooting her father nine times, Santoyo contends Guzman engaged in an "extreme form of cruel and inhuman treatment" constituting torture; because Guzman allegedly tortured her father, she asserts she has shown Guzman likely will torture her or her family in an effort to escape the murder charge. Although intimidation and coercion are enumerated "purposes" supporting a finding of torture, *see* 8 C.F.R. § 1208.18(a)(1), Santoyo's contention Guzman is likely to engage in torture in the future is speculative. She has not shown Guzman's past actions constituted torture, nor has she shown Guzman has tortured anyone else. In addition, there was evidence Guzman has been using other means to avoid a murder charge, such as testimony stating he paid local officials, and he offered land to Santoyo's mother in exchange for dropping the murder charge. Therefore, Santoyo fails to show the evidence compels finding it is more likely than not she will be tortured. *See Orellana-Monson,* 685 F.3d at 518; *Zhang,* 432 F.3d at 344.

DENIED.